## ALLEN v. MANASSE & MOSELY.

1. The statute which exempts certain property from execution for the benefit of every family in this State, does not cover the property of one who has a family in another State, although he is here accompanied by a son, not shown to be dependent upon him.

WRIT of Error to the County Court of Sumter.

Judgment was rendered for the defendant upon an agreed case, which declares this state of facts: The plaintiff, Allen, was a house-wright and carpenter by trade, and had pursued this business for a number of years next before the attachment hereinafter mentioned, and had no other calling or avocation. For some three or more years next before the attachment he had pursued his trade in this State, having a wife and one or more children then residing in the State of Connecticut, where he also had his actual residence before coming into this State. He had one son with him, who came of age a short time before the levy of the attachment. The tools, for the taking of which the action was brought, were the plaintiff's necessary tools of trade, and the books, for taking which also, the suit was brought, were purchased by him after his marriage, when he had a family and before he come into this State, but not for

sale or merchandize. He had them packed up and was on his way with them to his wife and children, in the State of Connecticut, when the defendant, Mosely, caused them to be levied on by the defendant Mannasee, who was the sheriff's deputy, by virtue of an attachment at the suit of Barrett & Co. of which firm Mosely was a partner.

The error assigned is, that the Court erred in not giving judgment in favor of the plaintiff.

BLISS, for the plaintiff in error, argued that the statutes exempting certain effects from levy under execution are beneficial in their influence, and ought to be liberally construed. He cited, Hall v. Perry, 11 Wend. 44; Wentworth v. Young, 17 Maine, 70; Leavitt v. Metcalf, 2 Vermont, 342; Freeman v. Carpenter, 10 id. 433; Haskell v. Candress, 4 id. 609; Woodward v. Waring, 18 John. 400.]

METCALF, contra, insisted the plaintiff was not within the meaning of the statutes, being a mere sojourner while he remained here, and on the eve of departing from the State. The statute was intended to confer benefits on our own citizens, and not to protect debtors having no families resident in the State. The domicil of the plaintiff was in the State where his wife and children resided.

GOLDTHWAITE, J.—Our act of Assembly directs that certain articles shall be retained by, and for the use of every family in the State, free and exempt from levy or sale, by virtue of any execution or other legal process. [Digest, 167, §42.]

It is not disputed that the articles seized are of those enumerated in the statute, but we think the plaintiff is not one of the class of persons within its protection. The exemption is not conferred upon the property of every person, and it seems clear that a debtor, merely as such, is not considered; it is only when connected with others that protection is cast around his property, and this is, that those dependent on him may not be injured by his destitution. This connection too, which creates the exemption, must exist in this State. Such indeed, are the very terms of the enactment, but without them, it would

be difficult to conceive any sound reason for extending our own legislation beyond our own limits. The fact that the plaintiff has been accompanied by his son during his residence within the State, does not constitute them a family, within the sense of the statute. To constitute such a family there must be a condition of dependence, and no mere aggregation of individuals will create this relation. Nor can the circumstance that a family exists elsewhere, have any material influence on the case. They are possibly dependent upon the plaintiff, but they are not a family within this State, and therefore are not within the letter or the spirit of the act.

To exempt this property from execution, under the circumstances disclosed, would produce no benefit to any one within the State, alone exempting the debtor, and we have already shown that, as such, the statute gives him no right.

The judgment must be affirmed.