## SIMONDS v. GULLEY.

1. When a wife by deed of marriage settlement, has property secured to her separate use, through the medium of a trustee, and among such property are several mules, which were on a farm occupied by the husband, at the time of the levy by the sheriff upon a horse belonging to the husband, such horse is not exempt from execution, under the statute permitting every family to retain certain articles.

Writ of error to the Circuit Court of Greene.

TRESPASS by Simonds against Gulley, for taking and carrying away a horse.

At the trial, the proof on the part of the plaintiff was, that at the time of the trespass complained of, he had a family, and that the horse taken by the defendant was the only one that the plaintiff owned. The defendant showed that the horse was levied on by him, through a deputy, as sheriff of Greene county, by virtue of an execution against the plaintiff, at the suit of one Kerr. It was also shown that at, and previous to, the levy, the plaintiff's wife had a separate estate, secured to her by deed of marriage settlement, which was vested in a trustee for for her exclusive use and benefit, and was not subject to the interference, or control of the plaintiff, and that he had no interest therein; part of this estate consisted of several mules, which were on a farm occupied by the plaintiff, at the time of the levy.

91

On this proof, the Court charged the jury, that the statute reserving certain property from levy and sale, did not apply to a case where the wife or family of a man had a separate provision made for her or them; that if the jury believed the wife of the plaintiff, at the time of the levy, had a separate estate secured to her, for her use and benefit, and that a part of the estate so secured, consisted of horses, mules or oxen, the plaintiff would not be entitled to recover.

The plaintiff excepted to this charge, and it is now assigned as error.

ERWIN, for the plaintiff in error, contended, that the statute was intended to exempt a certain description of property from execution, whenever it was owned by the head of the family; that the control of the separate property of the wife being in a trustee, and not in the husband, it was impossible to say that the husband could use the property as contemplated by the statute; his possession could be determined at any moment by the trustee. Such a construction as would support the charge given, in effect, would be to assert, that if a child, living with a father, as part of his family, owned a horse, this would render one owned by the father subject to execution.

WEBB, for the defendant, cited Allen v. Manasse, 4 Ala. Rep. 555, and insisted the statute was only intended for the protection of *families* otherwise destitute.

GOLDTHWAITE, J.—The statute under which the plaintiff here claims exemption for his property from execution, is somewhat peculiar in its terms. It directs that two beds and furniture, two cows and calves, two spinning wheels, two axes, two hoes, five hundred weight of meat, one hundred bushels of corn, all the meal that may at any time be on hand, two ploughs, one table, one pot, one oven, two water vessels, two pair of cotton cards, all books, one churn, three chairs, one work horse, mule, or pair of work oxen, one horse or ox cart, one gun, all tools or implements of trade, twenty head of hogs, one thousand pounds of fodder, one loom, one man's and one woman's saddle shall be retained by, and for the use of, every family in this State, free and exempt from levy or sale, by virtue of any execution or other legal process. [Clay's Dig. 210,

§ 47.] In Allen v. Manasse, 4 Ala. Rep. 555, we were called on to construe the meaning of the term *family*, as it here occurs, and then said, "the exemption is not conferred on the property of every person; and it seems clear that a debtor, merely as such, is not considered; it is only when connected with others, that protection is cast around his property, and this is, that those dependant upon him may not be injured by his destitution." It is impossible, we think, that the legislature intended to protect the property of a debtor, when his wife residing with him, is in the enjoyment and use of the very articles, which it is the chief motive of the statute to prevent the family from being dispossessed of, and thus reduced to a condition of comparative destitution. It cannot be well supposed, that the wife's separate estate, left either in her own or her husband's possession, can remain so, and present a case which the statute intended to provide for. The *family* in this case, has the property retained which the act contemplates, and there is no destitution, whether it belongs to the husband, or is secured as a separate estate of the wife. The statute, it is conceived, will equally protect the wife's separate estate, although she might, by her contracts, subject her property to an execution, or decree in Chancery, if the seizing of any of the exempted articles would leave the *family* destitute. So doubtless, it might, under such circumstances, be seized and sold, if the husband had similar property not subject to the decree against his wife's separate estate.

We are satisfied that the intention of the statute is only to exempt property in cases, when, without the exemption, the family would be destitute.

Judgment affirmed.