## ABERCROMBIE v. ALDERSON.

1. To entitle a debtor to the benefit of the act of 1833, which exempts certain property from execution, or other legal process, it is necessary that he have a family.
2. Where the owner of tools is not a tradesman, and does not use them himself, but employs others to work for him, the tools are not exempt according to the common law, from execution for his debts.

Error to the Circuit Court of Macon.

THIS was a motion against the plaintiff in error as sheriff for failing to make the money on an execution which had been placed in his hands, at the suit of the defendant against the goods and chattels, &c. of James B. Thompson. The cause was submitted to a jury, who returned a verdict in favor of the plaintiff, for the amount of the execution, with interest. A bill of exceptions was sealed at the trial, at the instance of the sheriff, from which it appears that the defendant in execution had in his possession "a set of tinner's tools," worth the amount of the execution, and which might have been levied on to satisfy it. To excuse the failure to make the money, the sheriff relied upon the law exempting the tools of mechanics from execution, "and proof was adduced tending to show that the defendant in execution was a tinner by trade and actually worked at the business; but upon this point the proof was doubtful. It was proved that the defendant in execution kept a shop for the tin ware, which

was manufactured by workmen in his employment, and if not not a workman himself, "he sometimes tinkered" about the shop in which the ware was manufactured. The court charged the jury, that if the defendant in execution kept a shop for the sale of tin ware, which was manufactured by workmen in his employment, with the tools in question, he not being a tinner himself, that the tools were not exempted from execution."

S. WILLIAMS, for the plaintiff in error. 1. If it was material whether the tools were the tools of a tinner who actually worked at the trade himself, or of one who merely carried on the business by one or more persons in his employment, the court withdrew the consideration of the evidence on that point from the jury, in giving the charge it did.

2. It is not material whether the defendant in execution is a tinner, skilled in the use of the tools, or not, so he keeps the tools employed for the purpose of the manufacture of tin ware.

3. No law in this country requires one to serve any length of time at a trade, before exercising it himself, and if he exercise it, either by using the tools with his own hands, or by employing mechanics, the statute was intended to exempt his tools from levy and sale by legal process.

4. The statute does not merely exempt from levy and sale the tools of mechanics, but the tools of any one who is engaged in carrying on a trade. [Clay's Dig. 210, § 47.]

5. The tools of one's trade are exempted from distress for rent by the common law, and it is submitted whether they are not entitled to a similar exemption from execution, independent of the statute. [Co. on Lit. 47; 3 Com. 479; 3 Step. Com. 366; 3 Kent's Com. 478.]

N. W. COCKE and S. RICE, for the defendant in error. 1. The bill of exceptions does not disclose that Thompson had a family in this State, or indeed any family at all, and in the absence of proof of that fact, the tools were not exempt from execution. [Allen v. Manassee & Bower, 4 Ala. 554.]

2. When a party excepts to a decision or opinion of the

Court, he must put so much in his bill of exceptions as will show that the court erred to his prejudice. [Holmes v. Gayle & Bower, 1 Ala. 517; Stone v. Stone, Ib. 582.] And this court will intend that there were other facts proven than those set out. [Keath v. Patton, 2 Stew. 38; Murray v. Harper, 3 Ala. 744.]

3. A judgment will not be reversed for a misdirection of the judge to the jury, if it appear by the record that the party complaining has not been injured thereby. [McMillan v. Wallace, 3 Stew. 185; Carmichael v. Brooks, 9 Porter, 330; Porter v. Nash, 1 Ala. 452; Lightfoot, et al. v. Strahan, 7 Ala. 444.]

4. There is no error in the charge of the court—the statute must be construed to mean those tools of a trade which the defendant himself uses as a *mechanic*, not such as he employs others to use for his benefit. [Clay's Dig. 210, § 47; Buckingham v. Billing, 13 Mass. Rep. 82.] And if the common law exemption of the tools of one's trade be applicable to an execution, it cannot be carried beyond what we have said, is the true construction of the statute. [Simpson v. Hartopp, 43 Law. Lib. and notes; Hutchins v. Chambers, et al. 1 Burr. Rep. 579, 588.

COLLIER, C. J.—The act of 1833, "to exempt certain property from execution," enacts, that "the following articles shall be retained by, and for the use of every family in this State, free and exempt from levy or sale by virtue of any execution, or other legal process, that is to say," &c. among which are enumerated "all tools or implements of trade." Clay's Dig. 210, § 47. To bring a case within the influence of this statute, the defendant in execution must have a family. The language employed, to say nothing of the object of the enactment is too explicit to admit of controversy. In Allen v. Manasse and Mosely, 4 Ala. Rep. 554, in considering its effect, it was said, "the exemption is not conferred upon the property of every person, and it seems clear that a debtor, merely as such, is not considered; it is only when connected with others, that protection is cast around his property, and this is, that those dependent on him may not be injured by his destitution." "To constitute such a family

there must be a condition of dependence, and no mere aggregation of individuals will create this relation. Nor can the circumstance that a family exists elsewhere, have any material influence on the case." There is not the slightest proof in the record, that the defendant in execution had a family in this State or elsewhere; consequently the protection afforded by the statute, does not exempt his property from seizure and sale under legal process.

It is however supposed that the common law secures the tools of one's trade from liability to the payment of his debts. We will briefly consider this question. In Simpson v. Hartopp, 43 Law. Lib. 187, an action of trover was brought for a stocking frame which had been distrained for rent. It appeared that J. A. (the tenant,) was by trade a stocking weaver, and used the stocking frame as an instrument of his trade, and continued the use thereof, and his apprentice was using the same when it was seized by the lessor as a distress for rent. It was held that beasts of the plough and instruments of husbandry, as well as the instruments of a man's trade or profession are not distrainable; but it was added that the privilege in such cases is only allowed where a sufficiency of other goods and chattels were found upon the premises, which were by law distrainable. The stocking frame however being actually *in use*, was improperly seized—1, because it would be damnified in the removal, and could not be restored in the same condition in which it was: 2, because its seizure while in use, would be a breach of the peace; and this although there was no other distress upon the premises. This is regarded as a leading case, and has been always approved, so far as our research extends. See Co. Lit. 47 a, b; Gorton v. Falkner, 4 T. Rep. 565; Fenton v. Logan, 9 Bing. Rep. 676, and notes to Simpson v. Hartopp, 43 Law. L. 191 195; 5 Dane's Ab. 35; Piggott v. Birtles, 1 Mee. & W. Rep. 441. Stephens, in his Commentaries on the Laws of England, (3 vol. 366,) after enumerating the articles which at the common law were absolutely exempt from distress from rent, says there are others which are priviledged *sub modo*— "as beasts of the plough (*averia camcæ*,) and sheep, and instruments of husbandry; and the instruments of a man's trade or profession; for example, (the axe of a carpenter, the books

of a scholar, and the like.) As to all which the rule is, that they are exempt from distress only provided there be other sufficient distress on the premises." We infer from what is said in Hutchins v. Chambers, 1 Burr. Rep. 589, that the law is even less indulgent towards a defendant in execution, than it is to a lessee, who is in default in the payment of rent. But be this as it may, our researches do not furnish any case, or principle which could have exempted the tools in the possession of the defendant in execution from seizure and sale for the satisfaction of the judgment against him. The evidence recited does not show that he was a tinner, but merely that he hired other persons who used the tools in the making of tin ware, which he sold. If the exemption be allowable, it must be confined to the case of a debtor who uses them in his trade, and not to one who employs others to work for him.

This view of the case is decisive to show, that the charge to the jury is free from error, and the judgment is consequently affirmed.