## CALLOWAY v. CARPENTER, et als.

1. The articles exempted by law from sale by execution, are not rendered subject to such sale, in consequence of the husband making a fraudulent sale of all the rest of his property.

Error to the Circuit Court of Randolph.

Callaway v. Carpenter, et als.

TRESPASS, by the plaintiff, against the denfendants in error.

The defendant, Carpenter, as sheriff, had taken the horse of the plaintiff upon an attachment, which it was proved was a work horse, and the only one which the plaintiff had in his possession, t the time, and that he had a family residing in in the State. It further appeared from the evidence, that about six months previous to the alledged trespass, plaintiff had in his possession a wagon, and team of mules, which had about the month of September, 1843, passed into the hands of plaintiff's brother, and had not been in plaintiff's possession since. This took place about six months previous to the levy of the attachment, and there was evidence tending to prove, that there was fraud in the transaction.

Other evidence was offered, to show that the sheriff had no power to execute the process.

The court charged the jury, that if the transfer of the team, from the plaintiff to his brother, was accompanied by circumstances tending to prove fraud, and was unexplained, they had the right to infer that it was fraudulent, and if they believed it to be fraudulent, they must find for the defendants. To which the plaintiff excepted.

Further, that if the plaintiff made a fraudulent conveyance of his mules, and they went out of his possession, and that he had in his possession but the horse levied on, that still the horse would be liable to sale, provided the property so conveyed, was in possession of the fraudulent vendee ; to which the plaintiff also excepted. These matters are now assigned as error.

BOWDON, for plaintiff in error.

1. Under the constitution and laws of this State, a sheriff derives his office from the *election*, and holds for three years, unless he *resigns*, dies, or is removed. [Clay's Dig. 535, § 1; Garner v. Clay, 1 Stew. 182.]

2. If a judge of the county court improperly declares the office of the sheriff vacant, and certifies the same to the Governor, such order of the county judge is inoperative after its reversal ; and from that time the appointment to supply the supposed vacancy becomes void, especially if the sheriff elect

resumes his duties.   [Caskey, sheriff, v. The State, 6 Ala. R. 193 ; Commonwealth v. Fowler, 10 Mass. 290 ; The People v. Greene, 2 Wend. 266.]

3. A sheriff *de facto* merely, when sued in trespass cannot justify under process.   [Flournoy v. Clements, et al. 7 Ala. R. 535 ;  Fowler v. Bebee, et al. 9 Mass. 231, 235 ; Johnson v. Wilson, 2 N. H. R. 202.]

4. If an individual, being the head of a family, own two horses, and fraudulently sells or disposes of one of them, the creditors of such fraudulent vendor cannot sell the horse re-tained, but must seek to subject the one traded.

The first charge given makes no distinction, whether the horse traded is, or is not, in the possession of the fraudulent vendee—the second does.   [Clay's Dig. 210, § 47 ; Watson & Simpson v. Simpson, 5 Ala. R. 233.]

S. F. RICE, contra.

1. The acts of a sheriff *de facto*, are valid as to third per-sons.   The service of writs, and the levies of executions by them, are always sustained as against the defendants in such writs and executions.   [Garner v. Clay, 1 Stew. R. 182 ; Flournoy v. Clements, et al. 7 Ala. Rep. 535.]   But for aught that appears in the bill of exceptions, Carpenter was sheriff *de jure*, as well as *de facto*, at the date of the levy.

2. If Calloway, some time before the levy, was the owner of several mules, and conveyed them to his brother, with in-tent to defraud his creditors, he was still *seized* of them *as to his creditors*.   [Thayer v. Thayer, 14 Vermont Rep. 107, 118.]

3. A conveyance to defraud creditors does not change the title, *as to the creditors of the grantor.*   And the grantor be-ing still the owner of the property, *as to his creditors*, the general rule applies, that " the ownership draws to it the pos-session."   This is more clearly the law, where the fraudu-lent grantee has not made any conveyance or sale of the pro-perty, but retains it.

4. The first charge given is a self-evident proposition, when viewed in connection with the evidence.

ORMOND, J.—In our opinion, the court erred in both of

the charges given.   The statute exempting certain articles from levy or sale, by execution, for the use of the family, was designed by the legislature for the benefit of the family, and has always received the most liberal construction, to effectuate the manifest intent of its enactment.   [Watson v. Simpson, 5 Ala. 233.]   The plain design of the legislature was, as far as practicable, to secure to the use of the family the exempt articles, against the improvidence or folly of the head of the family.   His fraudulent conduct, as it respects the rest of his property, cannot be visited on his family, so as to deprive them of the right, thus secured to them by the law.

If the transaction referred to is fraudulent, it is nevertheless obligatory on the parties to it, and by the construction contended for, the family might be stripped of every thing, which the law intended to secure them in the enjoyment of. The sale, if fraudulent, is not binding on the creditors, and they may, if such is the fact, subject the property to the payment of their debts.   It is true, the husband may sell the exempt property himself, against this the legislature has not thought proper to provide; but it has unequivocally declared, that it shall not be subject to levy, or sale, under legal process, and this case is not only brought within the mischief the statute designed to guard against, but it is within its letter.

The other question presented upon the record, is one of considerable magnitude, and as it is not necessary to the decision of this case, to determine it, we shall for the present decline its consideration.   Let the judgment be reversed and the cause remanded.