CROTHERS, Adm'r, *vs.* THE HEIRS OF ROSS.

1. An administrator who reports the estate insolvent, thereby becomes the actor, and is chargeable with notice of all the subsequent proceedings in the cause. He cannot, therefore, in this court, insist on such objections to the final settlement, as, in the absence of exceptions to the ruling of the primary court, would be considered as waived by his presence.

2. Where it appears by *the decree* of final settlement, that the widow has been excluded from all participation in the distribution of her deceased husband's estate, the error will not be considered as waived, but may be revised here at the instance of the administrator, although no exception was at the time taken to the action of the court below.

3. Where other parts of the record show that the deceased left a widow, and the final decree shows that she was excluded from all participation in the distribution of his estate, without any reason being assigned therefor, it will not be intended, because the decree so recites, that those to whom the distribution is made are "the sole distributees of the said estate," but such recital must be regarded as the assertion of an erroneous legal proposition.

4. Nor will the omission of the administrator to file the required statement, containing a list of the distributees of the estate, in such case, estop him from complaining, or cure the error of such exclusion.

Error to the Orphans' Court of Mobile.

THE facts disclosed by the record, so far as they are material for an understanding of the opinion, are briefly these: Mary T. Ross, the widow of Jack F. Ross, deceased, was appointed administratrix, and William Crothers, the plaintiff in error, adm'r on his estate in November 1837. On the 12th April 1839, the

widow resigned the trust and removed from the State, leaving the estate entirely to the management of said Crothers. The heirs at law, who are the defendants in error, on the 9th February 1843, filed a petition in the Orphans' Court, praying for a citation to the administrator to come in and make final settlement of his administration. Upon the filing of this petition a citation was ordered, but none appears by the record to have issued. On the 6th May thereafter, another order was entered, upon which citation issued and was served; and on the 12th of the same month, the administrator appeared and filed an allegation of the insolvency of the estate, accompanied with schedules of the debts and assets of the estate. A decree was rendered on the 1st July 1843, declaring the estate insolvent, appointing the third Monday in August, for the final settlement, and ordering publication accordingly. No further proceeding is shown by the record until the 6th January 1847, when the heirs filed another petition, in which they describe themselves as "the children and sole heirs at law of Jack F. Ross, deceased," asking for a final settlement of the administration, whereupon the court appointed the first Wednesday in Feb'y for that purpose, of which notice was served on the administrator on the 9th day of January. The administrator having failed to comply with this order, after one or two continuances, an account was stated against him on the 3d of April. On the 5th of May, the administrator filed his accounts, whereupon the account previously stated against him was set aside, and the cause was continued to the third Wednesday in May, of which notice was ordered to be given to the creditors by three publications in the Mobile Daily Advertiser. On the 19th May and the 16th June, the cause was again continued, and on the 14th July, a final decree was rendered, which, after reciting, "this day came William A. Ross, Francis A. Ross, Alfred Ross, and William B. Lightfoot, and his wife Sarah Lightfoot, (late Ross,) the children and heirs at law of Jack F. Ross, deceased, and William Crothers, administrator on the estate of Jack F. Ross, deceased, and his accounts and vouchers heretofore filed by him in this court being exhibited &c., and it being shown to the court that the said estate has been duly declared insolvent by this court, more than three years before this settlement, and that no creditors have filed their claims against the said estate within the time prescribed by law, &c., and that William

A. Ross, Francis A. Ross, Alfred Ross and Sarah B. Light-foot, (late Ross,) the wife of William B. Lightfoot, are the only children of the said Jack F. Ross, deceased, and *the sole distributees* of the said estate," orders that all the creditors of the estate be barred of their claims, and that the said above named distributees recover from the administrator the balance in his hands, &c. From this decree a writ of error was sued out by the administrator and various errors are assigned, the only one of which necessary to be stated is the rendering of the decree in the absence of the administrator and without notice to him, and "without reserving dower to the widow."

K. B. Sewall, for the plaintiff in error :

1. The necessary parties were not before the Court. *Mrs. Ross, the widow,* was entitled to a portion as distributee, and has a priority in all cases.—Clay, 191, § 1, 196, § 22. It can not be presumed she is dead, and if she were dead, her administrator would be a necessary party.—Boyett v. Kerr, 7 Ala. 9, 15, 16. The court will not presume she has released her right. *The children do not claim any thing through her.* They claim only as heirs of Jack F. Ross; they do not claim to be the sole distributees.

2. It was unnecessary for Crothers to propound the names, &c., of the distributees. They were already shown. The children were correctly named in their own petition, on which the citation issued, and the widow was before the court by her appointment, bond, and resignation. The law does not require the administrator to do a work of supererogation.

3. The assignment of errors is sufficient to reach the defect of want of parties, and the widow's right to a distributive share, as well as the other errors above noticed. The word *dower* in the civil law is not restricted to the wife's right to real estate, but is used to indicate her right in all property, and in this general sense it is sometimes used in this country.—See Cameron v. Cameron, 10 Smede & M. 394; a widow applied for her distributive share of personalty, and it was designated by the court "her dower in personalty."

4. The court is not precluded from examining the errors upon the record, even if the rule laid down in Clarke v. West, 5 Ala.

Crothers, adm'r, v. The Heirs of Ross.

125, be law. Most of the errors argued are distinctly shown by the record. A bill of exceptions would not make them plainer, and they are such as the administrator has no power to waive. The only error that would be under the influence of that rule would be his right to compensation, which is personal. But it is submitted that the decision refered to cannot, to the extent contended for, be sustained. The only reason assigned for calling the administrator the *actor*, after an estate is declared insolvent is, that all suits then abate; no suit can be carried on against him without his consent.—See Aikin's Dig. 152. The Act of 1843, (Clay's Dig. 195, § 13,) does not abate suits or prevent their being brought. Upon the issue of insolvency, made upon his petition and schedules, the administrator is the *actor;* after that is decided he is no more an actor than a creditor, or heir. Any person entitled may become an actor, and whoever institutes proceedings by citation or otherwise is the actor. The same rule should apply to all parties. There is nothing in this record from which the court should infer a waiver by the administrator. The defects sufficiently appear and the court will examine them.

Wm. G. Jones & Hopkins, for the defendants:

1. The first and second assignments of error are not supported by the record. The administrator had actual notice in fact of the settlement, having been personally served with a citation. Indeed the record shows that after an *ex parte* account had been stated, upon his failure to appear and make settlement according to the citation, the administrator came in, and on his motion the *ex parte* account was set aside; he filed an account showing a large balance due from him, and this very account filed by himself was the basis of the final settlement and decree. The case was regularly continued from the time the administrator filed his account up to the final decree. He was regularly brought into court, both by the citation served on him and by his own acts in declaring the estate insolvent, and in filing his account for final settlement. If he was not actually personally present at the time the final decree was made, it was his own fault, and it was no error of which he can complain. This is fully settled by this court in several cases.—Duffee, adm'r, v. Buchannan & Wife, 8 Ala. 27; Clarke v. West, 5 Ala. 117; Davis v. Davis et als., 6 Ala. 611; Williamson et al. v.

Hill, 6 Port. 184; Boggs, adm'r, v. Branch Bank at Mobile, 12 Ala. 497.

2. The assignment of errors does not cover the objection urged by the counsel for plaintiff in error, that no decree was made by the court in favor of the widow for dower. If it did, the decree reciting that it was proved that the defendants in error are the sole distributees is conclusive to show that there was no widow or any other person than the defendants, entitled to distribution. If, however, there was any error in this respect, it is one of which the plaintiff cannot here take advantage.—Morgan v. Crabb, 3 Port. 475; Clay's Dig. 229, § 43; 2 Howard's Sup. Ct. Rep. 342-3; 8 Ala. 27-8.

5. It was by statute (Clay's Dig. 229, §§ 41-2-3,) the duty of the administrator to make known to the court the names of *all* the distributees. It was then the fault of the administrator if the widow was not made a party. This he cannot complain of. If any person who is a distributee is omitted as a party, the administrator is liable for damages to such party on his official bond.—Story's Eq. Pl. § 427; Slatter & Wife v. Glover, 14 Ala. 648.

6. From the recital in the decree, that the defendants were proved to be the *sole distributees*, the court must presume that a state of facts existed and was shown, which showed that Mrs. Ross was not entitled to a distributive share. She may have been dead, and the defendants her representatives, or she may have released or assigned her interest to the defendants in error, in which event she was not a necessary party.—Story's Eq. Pl. 147-8, § 159; Brace v. Harrington, 2 Atk. 235; 4 Mason 41, 44; 3 Paige 467-8: 7 Johns. Ch. 144; 2 Simons 285.

CHILTON, J.—In Clarke v. West, 5 Ala. 117, it was said, "the consequence of a report of insolvency is to make the administrator an actor in the proceedings. The action of the court is invoked by the administrator, and he is bound to take notice of all subsequent proceedings, until the closing of the estate by a final decree of settlement and distribution." So, in Williamson et al. v. Hill, 6 Port. Rep. 184, it was remarked, "that it was not for the plaintiffs to object to the irregularity of notice, which was not intended for the benefit of the personal representative, but for the benefit of creditors, distributees, &c.

The same principle was ruled in Duffee, adm'r, v. Buchanan &
Wife, 8 Ala. 27, where the administrator, who appeared in
obedience to a citation and presented his accounts and vouch-
ers for final settlement, was held to be one of the parties to the
settlement, and affected with notice of all the ulterior proceed-
ings.    So, also, in Boggs, adm'r, v. The Br. Bank, Mobile, 12
Ala. 494-497, it is said, " the administrator, in legal contempla-
tion, was in court from the initiation to the close of the proceed-
ing," &c.    These several decisions have been acquiesced in
and acted on so long, that we could not at this late period de-
part from them, if we were disposed to question their propriety,
without doing manifest injustice to many suitors who, reposing
upon them, have proceeded according to the law as established by
them.    It has become the settled construction of the statute to
treat the administrator, who reports the estate insolvent, as the
actor, and to charge him with notice of the subsequent proceed-
ings had in the matter of the estate.    The law contemplates a
continuous proceeding from the time of the report of the insol-
vency by the administrator, down to the time of final settlement
of the estate, and as the administrator is presumed to have notice,
we must consider the case as though he was present at the final
settlement.    This conclusion deprives him of the benefit of
urging as grounds of reversal in this court, such objections as
would be considered waived by his presence at the final settle-
ment, and failure to except to the ruling of the court.

In Logan v. Logan, 13 Ala. 653, the Orphans' Court, on the
final settlement, allowed the widow to participate in advance-
ments made to the children, and which they brought into *hotch
pot*.    No formal exception was taken to the allowance in that
court, and it was here insisted that the objection must be
considered as waived, but we then said, "the fact is explicitly
shown upon the record in the decree by which the intestate's
estate is distributed and the administration settled ; and this be-
ing so, we have repeatedly held that no formal exception was
necessary to authorise the appellate court to revise an error ap-
parent in the final action of the Orphans' Court."    This decis-
ion is in point, we think, to show that the exclusion of the
widow in the decree before us, from any participation in the
distribution of the estate, being shown by the record, must be
looked to in the absence of any formal exception.

It is insisted, however, that he assignment of errors does not raise this objection—that the assignment is that no "*dower*" is reserved to the widow in the final distribution, &c. We know that ordinarily, as the term is understood in its common law acceptation, it means the interest which the widow takes in her husband's lands, and does not apply to his personal property, but in the Civil law the term is not thus restricted. So, also, in the laws of Louisiana. It is impossible to mistake the *meaning* of the counsel, as to the sense in which he designed the word should be taken, and we are unwilling to interpose the technical objection, so as to prejudice the party, but must consider the assignment as presenting for our revision the exclusion of the wife from any participation in the distribution of the estate.

But it is further insisted that the record shows that the persons, to whom the decree distributes the estate, are the *sole* distributees, and that we must intend this recital was predicated upon sufficient evidence—that we must intend, either that the widow had departed this life, or had transfered, if she was not dead, her interest to the heirs. In the previous examination of this case, we thought this an answer to the assignment, but on further reflection, we are satisfied, it cannot be supported. The petition filed against the administrator describes the petitioners, as "the children and *sole heirs at law*" of Jack F. Ross, deceased; there is no averment of the death of the widow, or that she has assigned to them her interest. But this is immaterial; for if she were dead at the time of the settlement, her personal representative was a necessary party to the decree. In Boyett v. Kerr, 7 Ala. 9, it was held that in order to make a valid decree for the final settlement of an estate, every party entitled to distribution must be brought in some way before the court, and that if a person entitled die before such decree is rendered, it is necessary that his personal representative be brought in before the decree is made final. We need not consider the effect of a transfer by the widow to the children of her interest. The record recites that the defendants in error are the *sole distributees*. This recital is certainly not correct if the widow is living; for the law declares that she shall share in the distribution of the surplus remaining, after the payment of debts, &c.—Clay's Dig. 191, § 1. The record shows that she was appointed administratrix and afterwards resigned, and no where shows her

Crothers, adm'r, v. The Heirs of Ross.

death, or any other fact which would authorise her exclusion. Inasmuch then as she is affirmatively shown to be entitled to share in the estate, if a surplus remains, and nothing is shown why the court did not decree to her the share which the statute allows, we must regard the recital in the record, that the children of the said Jack F. Ross are the *sole distributees*, as the assertion of an erroneous legal proposition.

But it is further said, that the administrator should not be heard to say that the widow is entitled to share in the distribution, since the statute requires him to file, with his accounts and vouchers for final settlement, a statement containing a list of the "heirs and legatees," that the court may be advised as to the persons among whom distribution is required to be made. This Act does not cure this error, conceding that the *widow* is embraced in it; the statute affixes the penalty upon the administrator, to be recovered by those injuriously affected by his failure to comply, and without now deciding what we should hold, were the administrator attempting to reverse because the rights of a distributee, whom the administrator failed to designate and who was unknown to the court, or whose interest did not appear of record, were overlooked or disregarded, we think, that, as the widow in this case was before the court as administratrix, her bond then on file, as also her resignation and the order thereupon made of record in the cause, a statement by the administrator, as to her, if required in any case by the statute, was not here necessary. It would only have advised the court of what was already shown by the record, and at most would have been supererogatory.——See 10 Ala. 503.

Upon the whole, the record excludes the widow and shows no reason for such exclusion. It shows who she is, and raises the presumption of her being in life when the final decree was rendered, and of her interest in the estate, which is not rebutted by any other part of the proceedings, as they appear before us. The administrator is furnished by the record of the proceedings with no estoppel as against her, and has thus been injured by the decree. For this error the decree must be reversed.

As to the other points raised in the argument, and presented by the assignment of errors, we deem it unnecessary to express an opinion, as the case must go back and will no doubt assume a different aspect, when both parties shall have an opportunity

of presenting the facts and circumstances attending it, and their respective claims predicated upon them.

Let the decree be reversed and the cause remanded.

DARGAN, C. J., not sitting.