## BOYKIN *vs.* EDWARDS.

1. A party is incompetent to execute process in his own favor.
2. But mere identity of name will not authorize the court to infer, in the absence of a direct allegation in the pleadings, that the plaintiff in the writ and the deputy constable by whom it was executed are the same person.
3. In trespass against defendant for taking plaintiff's horse, defendant pleaded justification under legal process, to which plaintiff replied specially that at the time of the levy he had a family and but the one horse levied on, which was protected by law from levy and sale. *Held,*

   That the replication admitted the validity of the writ and the capacity of the person by whom it was levied to execute it, and only raised the question whether the horse was subject to the levy; and though the proof showed that the plaintiff in the writ was the person who executed it, and the court charged the jury that the levy was valid though made by the plaintiff in the writ, yet it was error without injury, and the judgment would not be reversed.
4. The statute of this State, (Clay's Digest 210, § 47,) which exempts from levy and sale one horse for the use of every family, can be invoked only by a person who *resides in this State,* and has a family.
5. The statute of Mississippi which exempts one horse from levy and sale is· a local act, and can only protect the property exempted so long as it remains within the limits of that State.

ERROR to the Circuit Court of Choctaw.
Tried before the Hon. L. GIBBONS.

This was an action of trespass, for taking the plaintiff's horse. The suit was commenced against James Whitted and Sterton B. Edwards; pleas, not guilty; and each defendant pleaded separately, justification. Edwards set out in his plea of justification, that an attachment was issued by Joshua Morse, a justice of the peace, in favor of John P. Cook and Sterton B. Edwards, against the plaintiff, Boykin, which writ came to the hands of James Whitted, a constable. The plea set forth the writ, and, on the back of it, the following endorsements: "Sterton B. Edwards is deputized to execute this writ, September 12, 1850, (signed,) Joshua Morse, J. P. [seal]." "Attached one bay horse, 16th September, 1850, S. B. Edwards, deputy constable. Attached one bay horse, September 19, 1850, James Whitted, constable." The plea then avers, that the defendant, Edwards, did not take the horse, but that the constable did, under the said writ of at-

tachment. The constable, also, justified under the attachment, and the plaintiff dismissed his suit as to him, and demurred to the special plea of Edwards, but his demurrer was overruled.

The plaintiff then replied to the special plea of Edwards, that he had a family at the time of the levy of the attachment, and had but the one horse levied on, and having no oxen, the horse was not liable to the attachment. On this replication issue was taken, and the parties went to trial, which resulted in a verdict for the defendant. During the trial the plaintiff took a bill of exceptions, which shows, that the attachment was in fact levied by the defendant, Edwards, who was deputized by the justice to make the levy, and that he was one of the plaintiffs in the attachment suit. It further appeared, that the residence of the plaintiff was beyond the line of this State, and was in Mississippi, although the larger part of his farm was in Alabama. The plaintiff also · proposed to show, that, by the laws of Mississippi, one horse was reserved for the use of a family, and was exempt from levy and sale; but the court ruled, that the statute of Mississippi could not protect the plaintiff in this State, and excluded the proof, to which the defendant excepted. The court charged the jury, in substance, that the levy of the attachment was not void because the writ of attachment was levied by Edwards, one of the plaintiffs in that suit: and further, that if the plaintiff's dwelling house was beyond the limits of this State, that then he was not entitled to the benefit of the statute of Alabama, reserving one horse for the use of a family exempt from levy and sale. To these charges the defendant excepted.

RAPIER for the plaintiff in error.

No counsel for the defendant.

DARGAN, C. J.—It is contended, that the court erred in overruling the demurrer to the plea of justification, for the reason, that the defendant, being one of the plaintiffs in the attachment, was incompetent to execute it, and the levy was therefore void.

It may be admitted that a party is incompetent to execute

process in his own favor, but still we think the demurrer was correctly overruled, for two reasons: first, there is no allegation in the pleadings showing that Sterton B. Edwards, the plaintiff in the attachment, is the same person who was deputized by the justice to execute the writ, and who made the levy. True, the name is the same, but I do not see how the law could intend that the individual who executed the writ was the same person in whose favor it issued, merely because the name is the same. I think it should have been made to appear that he was, by a direct allegation. But independent of this, the plea directly denies that the defendant took the horse, and avers that it was levied on by the constable, James Whitted. This allegation is not contradicted, but directly admitted by the demurrer, and the writ being valid on its face, as set forth in the plea, we think it clear that the demurrer was correctly overruled.

It is, however, insisted, that the question is presented by the bill of exceptions, as the evidence shows that the defendant was one of the plaintiffs in the attachment, and also, that he did in fact make the levy, and upon this evidence the court instructed the jury that the levy was not void. But here the plaintiff is met with the difficulty, that he did not, by his replication, traverse any of the facts set forth in the plea: but, on the contrary, replied that he had a family, and but one horse, which was protected from levy and sale. This replication does not put in issue the legal capacity of the defendant to execute the process, but raises the question only whether the horse was liable to the attachment. The validity of the writ, and the capacity of the party or person who executed it, are admitted, and the only issue is, whether the horse was subject to the levy. Consequently, if the court erred in charging the jury that the levy was valid, though made by the defendant, it was error without injury, and therefore will not reverse the judgment, for the court only charged what in effect was admitted by the plaintiff's replication.

It appeared that the plaintiff resided in Mississippi, just beyond the line that separates this State from that, and had the larger part of his farm in Alabama; the levy was made in this State, and the question is therefore raised, whether the

plaintiff is entitled to the protection of the act of 1833, which exempts one horse from levy and sale, for the use of every family, besides several other articles of property. See the act, Clay's Digest 210. In the case of Allen v. Manasse, et al., 4 Ala. 554, this act received a construction from which we cannot depart. It was there held, that the act was only applicable when the party invoking its protection had a family, and resided in this State, and if he did not have his residence within the State, he was not within its protection. Applying this rule of construction, it is clear that the plaintiff is not entitled to the benefit of the act, for he resided beyond the limits of Alabama. We also think, that the statute of Mississippi, which is almost identical with our own, cannot protect him. For although the horse was exempt from levy and sale in Mississippi, yet the Mississippi act is local, and can only protect the property exempted by it from execution, so long as the property remains within the limits of that State; but when it passes from beyond her jurisdiction, it then loses the protection of her statute, and the residence of the owner being in Mississippi, he cannot acquire the benefit or protection of the act of Alabama.

There is no error in the record prejudicial to the plaintiff in error, and the judgment must be affirmed.