KEIFFER AND WIFE vs. BARNEY BROTHERS.

[BILL IN EQUITY TO SUBJECT SEPARATE ESTATE OF FEME COVERT TO PAYMENT OF CHARGE.]

1. *Decree pro confesso against non-resident.*—A decree *pro confesso*, against a non-resident, must state the facts necessary to show that publication has been made agreeably to the rules of practice, and cannot be entered until after the expiration of thirty days from the perfection of publication.

2. *Irregularity in decree pro confesso against husband available on error to wife.* Where husband and wife are properly joined as defendants to a bill, which

seeks to subject the wife's separate estate to the payment of a charge created by her during coverture, an irregularity in entering a decree *pro confesso* against the husband, on publication against him as a non-resident, is available to the wife on error.

3. *Weight of answer as evidence on hearing on bill and answer.*—Under the provisions of the Code, (§ 2302,) when an answer on oath is not waived, and the cause is heard on bill and answer only, the answer is taken to be true only so far as it is responsive to the bill.

4. *Who may claim the benefit of exemption law.*—A married woman residing in this State, who has no children, and whose husband is a non-resident, is not entitled to claim the benefit of the exemption law, (Code, § 2462,) because she has no family within the contemplation of the statute.

APPEAL from the Chancery Court of Lowndes.
Heard before the Hon. WADE KEYES.

THE bill in this case was filed by the appellees, against Mrs. Mary Keiffer and Louis Keiffer, her husband; and sought to subject Mrs. Keiffer's separate estate to the payment of a promissory note, executed by her and her husband jointly, during coverture, dated January 18, 1855. Publication was prayed against the husband as a non-resident; and a decree *pro confesso* was entered against him, which is particularly noticed in the opinion of the court. Mrs. Keiffer answered the bill, admitting the execution of the note as charged in the bill, and that she was possessed of a house and lot, in the town of Benton, which she claimed as her separate estate; but alleging, that her signature to said note was procured by false and fraudulent promises on the part of complainants, through their agent, to the effect that they would continue to furnish her husband, who was a blacksmith by trade, with iron for the use of his shop, which promises they failed to perform; also, that her house and lot did not include forty acres, and did not exceed $500 in value, and was claimed by her as exempt from levy and sale under legal process,— she being a resident of this State, and having a family here, though she had no children, and her husband was a non-resident; and she pleaded these facts in bar.

The cause was submitted for final hearing, on bill, decree *pro confesso* against Louis Keiffer, and answer of Mrs. Keiffer; and the chancellor rendered a decree in favor of the complainants.

The decree *pro confesso* against Louis Keiffer, and the final decree of the chancellor, are now assigned for error; while, on the part of the appellees, a motion is submitted to strike out the first assignment of error, on grounds stated in the opinion of the court.

J. F. CLEMENTS, for the appellants.

BAINE & NESMITH, *contra.*

WALKER, J.—The decree *pro confesso* against Louis Keiffer is defective in the following particulars: 1st. It merely states that publication had been made and perfected agreeably to the rules of practice in this court, without stating the facts necessary to constitute good service.—Hartley v. Bloodgood, 16 Ala. 233; Cullum v. Br. Bank, 23 *ib.* 797. 2d. The decree was taken before the expiration of thirty days from the perfection of the publication.—Code, § 2890.

2. It is insisted, that, although the decree *pro confesso* is erroneous, this court should not reverse upon this appeal, because the counsel for the appellant has admitted in writing that he has no authority to represent Louis Keiffer, as to whom there was a decree *pro confesso*, and that his entire authority is derived from Mrs. Keiffer; and it is contended, that this court, instead of reversing the case for the error in the decree *pro confesso*, ought to strike out the assignment of error raising that question. The husband was a necessary party in the assignment of errors here. It was proper that his name should be joined with that of his wife in the assignment of errors. An appeal to this court is in the nature of a new suit, and in it, as well as in other suits, not controlled by special circumstances, or by some special statute, the husband should be joined with the wife. One representing the wife is entitled to assign as error an irregularity in making the husband a party. In the absence of those circumstances which will authorize the wife to sue, and which will render her liable to be sued as a *feme sole*, the husband must be joined as a defendant with the wife, in suits brought by other persons against her.—1 Daniell's Ch. Pl. and Pr. 190. This rule is designed

for the protection of the wife, and she may avail herself of its violation in an appellate court. If the husband had not been named as a defendant in the bill, Mrs. Keiffer might have availed herself of the omission, by plea of coverture, or on demurrer.—Mowat v. Graham, 1 Edw. Ch. 575. When the wife may thus avail herself, by plea or demurrer, of the omission of the husband as a party, it cannot be said that she has no interest in his being properly brought before the court, or that she is not aggrieved by an irregularity in the mode of bringing him in. Peradventure, the husband would have answered, and she would have had his aid in the defense of the suit, if the court had not prematurely rendered the decree *pro confesso*.

3. There is no other error in the case, besides that already pointed out in the decree *pro confesso*. The hearing was had upon the decree *pro confesso*, and bill and answer of Mrs. Keiffer. The oath of the defendant to the answer was not waived. Under those circumstances, the answer of Mrs. Keiffer was evidence by the law deemed true, so far as it was responsive to the allegations of the bill. But, under the rule established by section 2902 of the Code, it was evidence only so far as it was responsive to the bill. The averments of the answer, as to the fraudulent procurement of Mrs. Keiffer's signature to the note, and of the facts supposed to make the property in question exempt from liability to her debts, are not responsive to the allegations of the bill, but are new matters brought forward in avoidance of the case made out by the bill. Therefore, under the Code, it was necessary that those defenses should be established by proof.

4. The question has been argued before us, whether, upon the facts alleged in Mrs. Keiffer's answer, the two lots in which she has a separate estate are exempted by the statute from liability to her debts. Those facts are, that the lots do not contain forty acres, and do not exceed in value five hundred dollars; that Mrs. Keiffer is a married woman, residing in the State of Alabama; that her husband resides in another State, and that she is without children. Waiving the consideration of the other arguments urged by the counsel of the appellees upon this

question, we decide it against the appellants, upon the ground that the existence of a family in this State, for whose use the law would reserve the property, is not shown. She has no child, and no husband, in this State. As far as the answer discloses, there is no person in the State of Alabama dependent upon her, or occupying such relation to her as to admit such person to a participation with her in the use of the property. It is thus clear that, if the property were reserved from sale, it would be for the use of Mrs. Keiffer, and not for the use of a family. It is the unmistakable object of the statute, to reserve property from liability to the payment of debts, for the use of families *in the State,* and not for the use of isolated individuals without any dependencies.—Code, §§ 2462, 2464; Allen v. Manasse & Mosely, 4 Ala. 554; Simonds v. Gulley, 7 Ala. 721.

We have decided this last question, because it is probable that, upon a future trial, the answer may be sustained, by proof of the facts out of which it arises; and the case would probably return upon us, if we should leave the question undecided.

The decree of the court below is reversed, and the cause remanded for further proceedings, as if no decree *pro confesso* had been rendered against Louis Keiffer. The appellees must pay the costs of the appeal.

STONE, J., not sitting.