·[Alabama Conference v. Vaughan et al.]

# Alabama Conference *v.* Vaughan *et al.*

| 54 | 443 |
| 100 | 206 |

## *Garnishment.*

1. *Exemption; law governing.*—The provisions of the Constitution of 1868, exempting property from liability for payment of debts, are entirely prospective in their operation.

2. *Same.*—The right of exemption, against process for the collection of debt contracted prior to 1868, is governed by the law in force when the debt was contracted.

3. *Same.*—Prior to the Constitution of 1868 the exemptions· were purely of statutory origin, extending only to heads of families resident with them in this State; hence, a claim of exemption against process issued for the collection of a debt contracted prior to 1868, which fails to show that the debtor was head of a family resident here, is fatally defective.

4. *Same; what does not destroy right to.*—These statutes were intended for the protection and maintenance of the family, rather than for the benefit of the debtor, and the fact that he may have obtained an exemption of property, which was consumed in support of the family, or converted into other property, or wasted, does not lessen the necessity and duty of maintaining the family, or debar the debtor (if the facts then existing authorize it) from claiming a subsequent exemption, against process issued for the collection of the same debt.

APPEAL from Circuit Court of Dallas.

Tried before Hon. M. J. SAFFOLD.

The Alabama Conference, the appellant, having recovered judgment in the circuit court of Dallas, on the 13th day of June, 1867, against J. J. Head for over two thousand dollars, it, in the year 1871, sued out garnishments against Vaughan and Cotton, who were his debtors. They answered admitting indebtedness, aggregating about four hundred dollars, and at the spring term, 1873, on motion of Head, were discharged.

The appellant reserved a bill of exceptions, from which it appears that Head, in support of his motion for the discharge of the garnishees, introduced an affidavit, made by him in the year 1871, that "the amount so due him from the garnishees, together with all other personal property then owned by him, did not exceed the amount of personal property he was entitled to claim as exempt, under the exemption laws of the State of Alabama," and that he claimed the same as exempt. It was further shown that in the year 1871, execution issued on the judgment in· favor of appellant, and was levied on Head's property, and that there was then set aside and allowed to him by the sheriff, "personal property to the value of all exemptions, to which said Head was entitled under the State Constitution and Code of Alabama, and

[Alabama Conference v. Vaughan et al.]

that after an allowance of all exemptions to said Head, property valued at $100 remained subject to execution, which was applied *pro tanto* in satisfaction of the judgment." Some time afterwards Head "sold said exempted property for a small amount of money—an amount below the value of the personal property allowed him under the exemption laws of Alabama." This was the substance of the evidence, and thereupon, on motion of Head, against the objection and exception of appellant, the court discharged the garnishees.

PETTUS, DAWSON & TILLMAN, for appellant.

FELLOWS & JOHN, *contra*.

BRICKELL, C. J.—The judgment obtained by the appellant, on which the process of garnishment issued, was rendered on the 13th day of June, 1867. The right of the judgment debtor to an exemption of property from liability to its satisfaction, must be determined by the laws then existing. The provisions of the Constitution of 1868, in reference to exemptions, are, in express terms, prospective, not applicable to debts existing prior to its adoption. Until the adoption of that Constitution, the exemption of property from liability to the payment of debts, was purely statutory, and the right was limited to the head of a family. No debtor not having a family resident within the State, could claim an exemption.—*Allen v. Manasse*, 4 Ala. 554; *Abercrombie v. Alderson*, 9 Ala. 981; *Boykin v. Edwards*, 21 Ala. 261. The bill of exceptions purports to set out all the evidence, and it is not shown either by the claim of exemption or otherwise, that the debtor was the head of a family resident within the State. The circuit court, consequently, erred in allowing the claim, and discharging the garnishees.

Whether an exemption of debts, or of any chose in action, can be claimed by the judgment debtor if he is the head of a family, depends on the time the debt on which the appellant's judgment was rendered was contracted, if the judgment was founded on a debt; whether it was contracted prior or subsequent to the 19th of February, 1867, and on the construction which may be given the enactment of that date, enlarging exemptions.—R. C. § 2884; Pamph. Acts, 1866–7, p. 611. Whether this enactment operates retrospectively, authorizing the exemptions it allows against debts contracted previous to its enactment, and if that is its construction, whether its constitutionality can be supported, are not questions now presented.

More than twelve months prior to the issue and service of

[Alabama Conference v. Vaughan et al.]

the garnishments, an execution issuing on the judgment had been levied on personal property, and the debtor had claimed and been allowed to retain the full exemptions allowed by law. It is insisted his right to an exemption, as against this judgment, was thereby exhausted, or that otherwise a double exemption would be allowed him. The right to an exemption must be determined by the facts existing when the process is levied.— *Watson v. Simpson*, 5 Ala. 233. On these facts the right of the debtor and of the creditor depends. The right of the creditor is to subject to the payment of his debt, property not exempt. The effect of the statutes is an exemption of the property mentioned, or such as the debtor may select from all the personal property he may own, not exceeding in value the prescribed amount. On such property the creditor has, and can acquire no lien. It may be fraudulently aliened, and the creditor has no right to impeach the alienation. All other property the debtor may have owned he may have fraudulently disposed of to hinder and delay the creditor, without impairing the right to retain that which the law declares exempt.— *Calloway v. Carpenter*, 10 Ala. 500. If he has no other property than that which is exempt, there is no right in the creditor. Or, if he has more than is exempt, his right is to select such as he will retain, and the right of the creditor is to subject that not selected. These are the rights of the parties, continuing so long as the relation of debtor and creditor continues.

The statutes, from which the debtor must derive his right to the exemption now claimed, were designed rather for the benefit of the family, than for the individual benefit of the debtor, and to save the family from destitution, were liberally construed. The husband and father was under the legal and moral duty of maintaining wife and children. This duty was of as high obligation as that imposed by his contracts, and continued so long as there was a relation of legal dependence on him. The benefit the statutes intended to confer on him, was assistance in the discharge of this duty. The fact that he had obtained an exemption which may have been consumed in the support of the family, or converted into other property, or it may be wasted by him, does not lessen the duty of maintaining, or the necessities of the family. So long as that duty remains, and these necessities exist, the statutes intend the right to the exemptions shall continue. We hold the right of the debtor to the exemption claimed, if the facts necessary to its existence are shown, is not affected by the fact he had previously obtained an exemption.

For the error we have noticed, the judgment is reversed and the cause remanded.