## C. A. HOLMES et al., Appellants, v. SARAH A. NICHOLS et al., Respondents.

**St. Louis Court of Appeals, April 1, 1902.**

1. **Homestead:** ABANDONMENT OF. It is of the essence of an abandonment which will deprive a person of his homestead right that it should be made with the intention of giving up the place as a home.

2. ———: ———: LOSS OF MEMBERS OF WIDOW'S FAMILY, EFFECT OF, ON HOMESTEAD. And neither will the loss of the members of a widow's family by death or otherwise terminate her homestead right.

Appeal from Lincoln Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

AFFIRMED.

*Norton, Avery & Young* for appellants.

(1) A personal exemption of $300 can be claimed by the head of a family only. R. S. 1899, sec. 3162. (2) The homestead .exemption is given only to a housekeeper or head of a family, and in land which is or shall be used by such housekeeper or head of a family as such homestead. R. S. 1899, sec. 3616. (3) A family is a collective body of persons who live in one house under one head or manager. Ridenour-Baker Gro. Co. v. Monroe, 142 Mo. 165. (4) The homestead rights of the execution debtor are fixed by a visible occupancy of the premises as the head of a family at the time of the levy of the writ. St. Louis Brewing Ass'n v. Howard, 150 Mo. 445.

*Martin & Woolfolk* for respondents.

A homestead once acquired is not lost without intention to abandon. Mills v. Mills, 141 Mo. 195; Bealey v. Blake, 153 Mo. 657; King v. King, 153 Mo. 406; Leake v. King, 85 Mo. 413; Hufschmidt v. Gross, 112 Mo. 649; Duffey v. Willis, 99 Mo. 132. Nor by death or loss of members of the family. Beckman v. Meyers, 75 Mo. 333; Leake v. King, 85 Mo. 413; Biffle v. Pullam, 114 Mo. 50.

GOODE, J.—An execution was levied upon a tract of land in Lincoln county, of one hundred and sixty acres, on a judgment against the respondent, Sarah A. Nichols, which she claimed as a homestead and also a personal exemption in said land or its proceeds to the value of three hundred dollars, and on her motion and the testimony adduced in support thereof, the circuit court quashed the levy of said execution.

The land was conveyed to Chester H. Nichols in 1846, and he and Sarah A. Nichols were married in 1847. They moved on this land and lived there continuously until his death in 1872. When he died they had eight children living, the oldest being of age and the youngest three years old. The widow continued to live on this land with one or more of her children until 1894, at which time the youngest married. She afterwards sold her personal property except household goods sufficient to furnish one room, which she did furnish in the home of one of her children who lives on ten acres of land set apart to him contiguous to the one-hundred-and-sixty-acre tract.

The contention of appellant is twofold; that Mrs. Nichols is not the head of a family at the present time, and that she had abandoned her homestead prior to the levy of the execution.

As to her being the head of a family, the evidence shows she has taken care of some of her children ever since her

husband's death until December, 1900, at which time one of her daughters for whom she had been theretofore caring, was placed in an insane asylum.

As to her having abandoned her homestead, there was no proof. The proof is all the other way. She lived among her children a great deal, having the farm rented out; sometimes living with her child in whose house, adjacent to the homestead, she kept a room furnished. It appears that for several years two of her sons lived on the farm and paid her one-third of the proceeds of the crops. She swears positively that it has always been her home; she lived there sometimes, and always intended to go back there. In fact, she wrote one of her sons several years ago who was then in Washington, to come to her and they would live on the place; but for some reason this plan was not carried out. It is useless to dwell on this matter. Suffice to say, there was no evidence to show the abandonment of the homestead by Mrs. Nichols. It is of the essence of an abandonment which will deprive a person of his homestead right, that it should be made with the intention of giving up the place as a home. Bealey v. Blake, 153 Mo. 657; Mills v. Mills, 141 Mo. 195; Leake v. King, 85 Mo. 413. Neither will the loss of the members of a widow's family by death or otherwise terminate her homestead right. Beckman v. Meyer, 75 Mo. 333; Biffle v. Pullam, 114 Mo. 50.

St. Louis Brewing Ass'n v. Howard, 150 Mo. 445, a case in which the defendant never had a homestead, is relied on by the appellant as in effect overruling the foregoing authorities, but we think the Supreme Court had no such intention.

The learned circuit judge did right in quashing the levy, and the judgment is affirmed. All concur.