H. H. ELLIOT, Appellant, v. MARY J. THOMAS, Respondent.

Springfield Court of Appeals, February 5, 1912.

1. **HOMESTEAD: Exemption: Head of a Family: Person Occupying Property Alone.** Under our statute, providing for an exemption of the homestead from execution (Revised Statutes 1909, section 6704), such homestead exemption does not extend to a person living alone on the property, who had never occupied it as the head of a family and who at the time was living alone with no one dependent upon her.

2. ———: ———: ———: ———: **"Housekeeper."** The term "housekeeper" as used in section 6704, Revised Statutes 1909, is intended to mean the same as householder or head of a family, and was not intended to apply to any person who is merely keeping or taking care of a house, although such person may own the house and keep it for her own comfort and convenience.

3. ———: ———: ———: **"Family."** Under our homestead exemption statute, if there is no family there can be no homestead, but the term "family" is a broad term and it has been construed by the courts to take in many persons other than parents and children, where by reason of some legal or moral obligation, such persons are dependent upon the one who is head of the household.

Elliot v. Thomas.

4. ———: ———: ———: Homestead Right Once Acquired: Head of Family Left Alone. If the family relation is one established and while that relation exists the right of homestead is acquired by the head of the family, then as long as he occupies the homestead as his home, he may hold it as exempt, even though the other members of the family may all die or be dispersed and he be left alone.

5. ———: ———: ———. Before the right to a homestead exemption can attach, it must appear that the person asserting the right to the exemption has one or more persons living with him, who are dependent upon him for support, and this relationship must exist whether the party claiming the exemption be designated as a housekeeper or as the head of a family.

Appeal from Lawrence Circuit Court.—*Hon. Carr McNatt*, Judge.

REVERSED.

*H. H. Bloss* for appellant.

(1) The word housekeeper and the word "head of family" are used interchangeably by the statute, so as to secure a broad construction of the statement in favor of any one who has dependent persons living with him. Uppenheimer v. Meyers, 99 Va. 582, 39 S. E. 218; 12 Am. and Eng. Ency. Law (2 Ed.), 89; Ridenour Co. v. Monroe, 142 Mo. 165. (2) The standard dictionaries of the English language define a housekeeper to be "the master or head of a family." Webster's International Dictionary, 720; 2 Universal Dictionary, 2547; American Dictionary, 503. (3) The only instance were one person is entitled to retain a homestead as exempt under the laws of Missouri, is where by reason of joint occupancy the land has assumed and been vested with the character of a homestead, when it shall be treated as such by the courts in favor of the widow until her death or remarriage, or in favor of a child, until the child arrives at majority; this is done by reason of the statute, even where death has reduced the family to one individual. R. S. 1909,

sec. 6708; Biffle v. Bullman, 114 Mo. 50; Holmes v. Nichols, 93 Mo. App. 513; Beckman v. Meyer, 75 Mo. 333. (4) Outside of the exception noted by the statute under point two, either a legal or moral dependency of one person on the other is a necessary condition to entitle the housekeeper or head of a family to invoke the Homestead Law. In this case there is no dependency whatever. R. S. 1909, sec. 6704; Ridenour Co. v. Monroe, 142 Mo. 165; Harbison v. Vaughn, 42 Ark. 539; Boskett v. Hall, 90 Ky. 566; Mullins v. Leeke, 27 S. W. (Tex.) 926; Spangler v. Kaufman, 46 Mo. App. 644. (5) A single person with no one depending on him for support, is only entitled to the exemptions mentioned in the following statute. R. S. 1909, sec. 2179; Rock v. Haas, 110 Ill. 528; Holneck v. Wilson, 159 Ill. 148; Wilson v. Cochran, 31 Tex. 677, 98 Am. Dec. 553.

*William B. Skinner* for respondent.

(1) A "housekeeper" is one who occupies the house. In order to make the party a housekeeper he must be in actual possession of the house. Bouvier's Law Dictionary (14 Ed.), 674; Lester v. State, 2 Tex. App. 438. (2) Long before the adoption of our homestead act our Supreme Court had defined the words "head of family" to be one who controls, supervises and manages the affairs about the house, not necessarily a father or a husband. Nor is it essential that such an one should be under any legal obligation to support other members of the family who live with him. Ridenour Co. v. Monroe, 142 Mo. 170; Wade v. Jones, 20 Mo. 76; State to use v. Kane, 42 Mo. App. 255. Nor is it essential that the members to constitute a family, should live in one house. Duncan v. Frank, 8 Mo. App. 289; Spengler v. Kauffman, 43 Mo. App. 14. (3) The term "head of family" does not necessarily mean the same thing under all circumstances and in

all connections. Linton v. Crosby, 56 Iowa, 386. The term as used in our homestead act and in our execution act, is construed to have a different meaning, and this because of the connection in which it is used and the difference in the phraseology of the two statutes. While in the latter instance it implies and is limited to a relation of status in the former it may imply and does include a relation created by contract, so that an individual is entitled to the benefit of the former when not included within the purview of the latter. Murdock v. Dalby, 13 Mo. App. 46; State to use v. Kane, 42 Mo. App. 255; Spengler v. Kaufman, 43 Mo. App. 14; Leake v. King, 85 Mo. 416; Brown v. Brown, 68 Mo. 388; Whitehead v. Tapp, 69 Mo. 415; Beckman v. Meyer, 75 Mo. 333; Fore v. Hoke, 48 Mo. App. 261. (4) The term "householder" is a broader and more conprehensive term than the term "head of a family" as used in legal parlance, and if possible, the term "housekeeper" is still more general and comprehensive in its scope. Graham v. Crocket, 18 Ind. 120; Greenwood v. Maddox, 27 Ark. 648; Myers v. Ford, 22 Wis. 139, 4 L. N. S. 380; Kelley v. McFadden, 80 Ind. 539; Lane v. State, 29 Tex. App. 319, 15 S. W. 829; Van Vetchen v. Hall, 14 How Pr. (N. Y.) 438.

COX, J.—Motion by defendant to quash levy of execution upon a lot in the city of Aurora upon the ground that the property is exempt to defendant as a homestead. The motion was sustained and plaintiff has appealed.

The facts are as follows: Aurora is a city of less than 10,000. The lot contains less than five acres and is of less value than $1500. It is conceded that if defendant is entitled to the homestead exemption at all, the action of the court in quashing the levy should be upheld. The defendant and her husband lived in Chicago and after her husband's death she came to Aurora, purchased the lot in question and has since

lived on and occupied it as her home. There was some testimony that her bachelor brother sometimes boards with her but he has a separate home of his own and she testified that there was no one dependent upon her.

The question presented in this case is, does the homestead exemption extend to a person living alone and with no one dependent upon him? The statute is as follows: "The homestead of every housekeeper or head of a family, consisting of a dwelling-house and appurtenances and the land used in connection therewith not exceeding the amount and value herein limited, which is or shall be used by such housekeeper or head of a family as such homestead shall together with the rents, issues and products thereof be exempt from attachment and execution except as herein provided. . . ." [Stat. 1099, Sec. 6704.) It is not contended that defendant is the head of a family but it is contended that she is a housekeeper and entitled to the homestead exemption for that reason. That she is a housekeeper in one sense of the term, there can be no question, for she lives in a house, and though all alone, she keeps house for her own comfort and convenience but is the term used in that sense in the homestead statute? In determining the meaning of the term housekeeper in this statute, we must keep in mind the connection in which it is used and the purpose of the statute itself. We note first, that to entitle any one to homestead exemption under this statute, the property claimed as exempt must "be used by such housekeeper or head of a family as such homestead." Though a person may be a housekeeper or head of a family yet unless the property is used as a homestead it cannot be held as exempt. This, then, makes it important to determine what is meant by using it as a homestead. A homestead is defined as a parcel of land on which a family resides and which is to them a home. [21 Cyc. 458; Galligher v. Smiley (Neb.), 44 N. W. 187; Tumlinson

v. Swinney (Ark.), 76 Amer. Dec. 432; Keyes v. Cyrus (Cal.), 34 Pac. 722; Brandies v. Perry (Fla.), 22 Southern 268; Garrison v. Penn (Ky.), 66 S. W. 14; Gammett v. Storrs (Utah), 49 Pac. 642.]

A homestead being, therefore, the home of a family, it is apparent that if there be no family there can be no homestead. The term family is a broad term and has been construed by the courts to take in many persons other than parents and children. The central thought underlying the family relation is that of dependence, and hence, any number of persons more than one living together under the same roof with some one of their number as head who controls the affairs of the household and upon whom the others or some of them are, by reason of some legal or moral obligation, dependent, may be said to be a family and the person in control the head of that family. [Ridenour-Baker Grocery Co. v. Monroe, 142 Mo. 165, 43 S. W. 633.]

The primary object to be accomplished in all legislation respecting the homestead is the protection of the family as distinguished from the individual. The homestead exemption is allowed, primarily, for the protection of the dependent ones and it is for their benefit, chiefly, that the party to whom the exemption is allowed takes it. He secures the benefit of it to enable him to properly discharge his obligation to care for and support those dependent upon him and that the family may be kept intact. The keeping of the family together, the preservation of the home for the family and the protection of the dependents are the purposes underlying all legislation providing a homestead exemption and those purposes must be kept constantly in mind in considering any statute relating to a homestead exemption. [Cases cited supra. Also, Spengler v. Kaufman & Wilkinson, 43 Mo. App. 513; Brown v. Brown's Administrator, 68 Mo. 388, 391; Biffle v. Pullam, 114 Mo. 50, 53, 21 S. W. 450; McCanna

v. Anderson (N. D.), 71 N. W. 769; Calhoun v. Williams (Va.), 34 Am. Dec. 759.]

The phraseology of the homestead statutes in the different states varies somewhat but in their construction by the courts there is entire uniformity in the holding that the element of dependency in some form is necessary to constitute the family relation and also that the family relation must be present in order for the statute to apply. It has also been held that in the absence of a statute so providing, the family cannot exist with but one member. [Keiffer v. Barney, 31 Ala. 192; Rock v. Haas, 110 Ill. 528; Betts v. Mills (Ok.), 58 Pac. 857; Wilson v. Cochran (Tex.), 98 Am. Dec. 553.]

If the family relation is once established and while that relation exists, the right of homestead is acquired by the head of the family, then as long as he occupies the homestead as his home he may hold it as exempt even though the other members of the family may all die or be dispersed and he be left alone. [Beckman v. Meyer, 75 Mo. 333; Biffle v. Pullam, 114 Mo. 50, 21 S. W. 450; Holmes v. Nichols, 93 Mo. App. 513, 67 S. W. 722.] This latter position, however, does not militate against the general rule that the family relation must exist before the right to a homestead exemption can attach.

In this case, while this defendant was a member of a family, though not its head, during the life of her husband, yet, the lot in question was not acquired by her until after her husband's death, so as to this lot, she occupies the same position as if she had never been married, and if she can hold this property as exempt, she must do it because she is a housekeeper for she is not the head of a family. As far as its relation to a homestead is concerned we can see no difference between the meaning of the words "housekeeper" and "householder" when applied to the same individual. Webster defines "housekeeper" as "one who occupies

a house with his family; a householder; the master or mistress of a family; one who does or oversees the work of keeping house." It is apparent that the last definition could not apply for a person might oversee or do the work of keeping house merely as a servant and it is clear that the statute does not apply to a person acting in that capacity. The same author defines householder as "The master or head of a family; one who occupies a house with his family." Bouvier defines housekeeper as "One who occupies a house," then refers to the word householder. In defining householder, he quotes Webster's definition as above given. In the legal sense as used in a homestead statute to designate the parties entitled to the exemption the meaning of the two words seems to be synonymous. Some of the homestead statutes use the language, "Householder or head of a family." Our statute and that of Vermont use the language "Housekeeper or head of a family." As far as we can learn, the question involved in this case has not been passed upon by the Vermont courts nor by the courts of our own state. In those states in which the exemption is allowed to a "householder or head of a family" it has been uniformly held that a householder within the meaning of the statute is one occupying a house with some one who is dependent upon him and has never been held to apply to one person occupying a house alone except in those cases in which the family became dispersed after the homestead right had attached. [Cadhoun v. Williams (Va.), 34 Am. Rep. 759; Lane v. State (Tex.), 15 S. W. 627; Kaltzenberg v. Lehman (Ala.), 2 Southern 272; Griffin v. Sutherland (N. Y.), 14 Barb. 456.]

Our conclusion is that in granting the homestead exemption to "Every housekeeper or head of a family" it was not the intention of the Legislature to grant the exemption to two separate and distinct classes of persons, one class being designated as

"housekeepers" and the other as "heads of families," the one bearing no relation to the other, but that these terms as used in our statute both apply to practically the same persons, that is, before the right to a homestead exemption can attach it must appear that the person asserting the right to the exemption has one or more persons living with him who are dependent upon him for support. This relationship must exist before the right to homestead exemption can attach whether the party claiming the exemption be designated as a housekeeper or as a head of a family.

We are cited to the case of Murdock v. Dalby, 13 Mo. App. 41, as establishing a different rule but a close examination of that case will show that the right of the party to a homestead was conceded by the other parties to the litigation and the point in issue in this case was not passed upon. In Spengler v. Kaufman & Wilkinson, 43 Mo. App. 5, it is said at page 14: "In Murdock v. Dalby, supra, it was distinctly ruled that one, although a housekeeper and as such entitled to a homestead claim, was not entitled to personal exemptions under the execution act." This language cannot be considered as an authority to support respondent's contention here for the reason, as before stated, that the point now involved was not in the Murdock case. The only points made in that case against the claim of homestead were, first, that the party who was a widow, only had a dower interest upon which to base her homestead and that a life estate would not support a homestead claim; second, that the debt was contracted before the dower or homestead was set out and hence the homestead exemption did not apply. Both these contentions were denied and the right of the widow to a homestead upon the ground that she was a housekeeper only and not the head of a family was not passed upon. Again in Leake v. King, 85 Mo. 413, attention is called to the fact that there is a

difference in the homestead statute and the execution statute but there is no effort to distinguish between a housekeeper and the head of a family as these terms are used in the homestead statute. In State to use of Smith v. Cane, 42 Mo. App. 253, it is said that the case of Murdock v. Dalby simply emphasizes the distinction between the head of a household and the head of a family. There is nothing in any of these cases when carefully considered that will support the contention that a single person living alone and upon whom no other person is or since the property was acquired has been, dependent can claim a homestead exemption solely for his own benefit. Such a construction of our statute would place a single person, young or old, with no one to care for but himself, upon the same footing as to a homestead exemption as a person with a family dependent upon him and would be out of harmony with the evident purpose of the Legislature which was to protect those who are by legal or moral ties bound to another and to whom they must look for daily sustenance. The remedy for hardships that may result in particular cases lies with the Legislature and not the courts. Judgment reversed. All concur.