GENEVIEVE FISHER, Appellant, v. BURL FISHER, as Administrator of the Estate of John Fisher, Deceased, Respondent.

(207 N. W. 434.)

**Husband and wife — husband and wife may consent to an immediate separation and mutual consent thereto is sufficient consideration.**

1. The husband and wife may agree to an immediate separation, and mutual consent thereto is a sufficient consideration. Comp. Laws 1913, §§ 4412, 4413.

**Husband and wife — written agreement to immediate or continuance of existing separation, is generally not contrary to public policy.**

2. Where differences or dissensions have arisen between husband and wife, a written agreement, fairly made between them, whereby they agree to an immediate, or the continuance of an existing separation, is generally held not to be contrary to public policy.

**Husband and wife — widow living separate from husband, in pursuance of separation agreement, there being no dependent minor children, held not entitled to statutory exemption of property of husband.**

3. Where the family relationship, as ordinarily known and understood, was intentionally destroyed through the voluntary act of the parties thereto by contracting to live separate and apart during their natural lives, as though they were single persons, and thereafter did so live separate and apart until the death of the husband, the widow, there being no minor children dependent upon her for support and maintenance, is not entitled to the exemptions of property of the value of $1,500 provided for in § 8725, Comp. Laws 1913.

Opinion filed February 2, 1926.

Contracts, 13 C. J. § 407 p. 465 n. 93, 93 New. Husband and Wife, 30 C. J. § 819 p. 255 n. 87; § 840 p. 1062 n. 66.

Note.—(3) Validity of agreement between husband and wife renouncing marital rights, see annotation in 12 L.R.A.(N.S.) 848; 9 R. C. L. 524 et seq.; 2 R. C. L. Supp. 823; 6 R. C. L. Supp. 526.

Appeal from the District Court of Ward County, *Lowe,* **J.**
Affirmed.

*Benson & Benson,* for appellant.

"That part of one's property which, after his death the law sets aside as an exemption to those dependent upon him, as in this case his surviving wife, is not a part of the property which passes by descent and distribution." Fore v. Fore, 2 N. D. 260.

"The courts have held in a great many cases in this state that § 8725 is an exemption statute and that in order to be entitled to its benefits one must have brought himself within the letter and spirit of the laws relating to residence." Swingle v. Swingle, 36 N. D. 611; Fischer v. Dolwig, 39 N. D. 161; Krumenacker v. Andis, 38 N. D. 500.

"A deed of separation is capable of subsisting after the death of one of the parties; and the question of whether it should be construed as operative thereafter or as restricted to the joint lives of the parties must depend upon the language of the instrument." 30 C. J. §§ 833–858.

"That a wife may relinquish her right to a widow's allowance or an exemption by a postnuptial agreement based upon a valid consideration has been both asserted and denied. Even if the power exists an agreement will not be construed as a waiver of the widow's rights in this respect unless such an intention is entirely clear." 24 C. J. § 812.

"There is no question but what the relation of husband and wife constitutes a family, and that the husband is the head, under homestead and exemption acts." 4 L.R.A.(N.S.) 367; Dye v. Cooke, 88 Tenn. 275; Trotter v. Dobbs, 38 Miss. 198; Chafee v. Rainey, 21 S. C. 11.

*C. B. Davis,* for respondent.

A childless man, who lives apart from his wife, and has not contributed to her support for a period of years, is not the head of a family. 18 Cyc. 1401, D; 11 R. C. L. 503.

"The law contemplates a family, living together and existing as a family." Krumenacker v. Andis, 38 N. D. 512.

"Valid agreements between husband and wife as to the division of property in lieu of all other property rights cannot be set aside upon the death of either, and are binding as to the interests of each." 21 Cyc. 1596; McCubbin v. Patterson, 16 Md. 179; Fisher v. Clopton,

110 Mo. App. 663; Wallace v. Bassett, 41 Barb. 92; Aspsy v. Barry, 12 S. D. 220, 83 N. W. 91; Daniels v. Benedict, 38 C. C. A. 592, 97 Fed. 367 (Colorado Case).

PUGH, District Judge. Petitioner and John Fisher, both of Bottineau, North Dakota, were married January 25th, 1923. They lived together as husband and wife until on or about March 6th, 1923, at which time differences having arisen between them, they voluntarily entered into a written agreement, by the terms of which they released each other from all obligations of support and maintenance and agreed that they would thenceforth, during their natural lives, live separate and apart, and that they would conduct themselves toward each other and toward others as though they were single persons. The husband paid $230 to the petitioner at the time of the execution of this contract. Each of the parties fully performed the contract, and they did live separate and apart from that time, continuously, until the death of John Fisher, May 24th, 1924. There was no issue of said marriage. Defendant Burl Fisher became the administrator of the estate of John Fisher, deceased. The plaintiff made application to the county court praying that court to set over to her absolutely the personal property hereinafter described which she alleged was exempt to her as the widow. March 17th, 1925, the county court made an order therein to the effect that 21 promissory notes payable to decedent, each in the sum of $50, secured by real estate mortgage and the sum of $300 in cash be set apart to the petitioner as widow. Respondent appealed upon questions of law from the order of the county court to the district court of Ward County, where this matter was considered by that court upon a stipulation of the facts and the record made and returned by the county court. The order of the district court reversed, vacated and set aside the order appealed from, and directed the county court to enter an order denying the petition. From said order of the district court, the petitioner prosecutes this appeal.

Petitioner insists that said contract of separation is void because contrary to public policy, and that she, the surviving wife, by virtue of the provisions of § 8725, Comp. Laws 1923, is entitled to the property claimed by her as her exemptions.

The husband and wife may agree to an immediate separation, mutual

consent thereto being a sufficient consideration. Comp. Laws 1913, §§ 4412, 4413. Where differences or dissentions have arisen between the parties, an agreement fairly made between husband and wife, providing for an immediate, or the continuance of an existing, separation will generally be held to be not contrary to public policy. 6 R. C. L. 709; 9 R. C. L. 524; 13 C. J. 426, 465. See also notes to Hill v. Hill, 12 L.R.A. (N.S.) 849, and Edleson v. Edleson, 2 A.L.R. 689. The separation agreement which is in evidence in this case is material to the determination of the question raised, only as it affects the status of the husband and wife in their relation to the exemption laws of the state prior to and at the time of the death of the husband. Section 8725 provides there shall be set aside absolutely to the survivor all the personal property of the decedent which would be exempt from execution if he were living, including property absolutely exempt and other property selected by the person entitled thereto to the amount in value of fifteen hundred dollars. This section of the code is a part of the exemption laws of this state. Fore v. Fore, 2 N. D. 260, 50 N. W. 712; Krumenacker v. Andis, 38 N. D. 500, 165 N. W. 524; Herr v. Herr, 45 N. D. 492, 178 N. W. 443.

Our exemption laws are pregnant with the suggestion that the family and the family relation must exist as the very basis of exemption rights. McCanna v. Anderson, 6 N. D. 482, 71 N. W. 769. Section 208 of the state constitution provides for the enactment of laws exempting from forced sale to heads of families a homestead and a reasonable amount of personal property. Complying with this policy announced by the constitution, the legislature has enacted §§ 5605, 5623, 7729, 7731, 7732 and 8723–8727, Comp. Laws 1923. These enactments clearly indicate it is the policy of the state to foster the family and the family relation by affording protection to the head of the family from importunate creditors, enabling him the better to provide for his family the comforts of home and the necessaries of life, without which the family and family relationship might have a precarious existence. And it was the plain purpose of the legislature in the enactment of §§ 8723–8727 to continue these exemptions to the survivors of the family, the widow or husband, as the case might be, and the minor children, that they might have the protection of the home and sufficient personal property to maintain them with the necessaries of life, following financial

difficulties often succeeding the death of the husband or wife. Calmer v. Calmer, 15 N. D. 120, 106 N. W. 684; Krumenacker v. Andis, 38 N. D. 500, 165 N. W. 524; Re James, 38 S. D. 107, 160 N. W. 527. The allowance provided for by § 8725, Comp. Laws, is not in the nature of an interest in property, but is a preferred claim against the estate of decedent which may or may not be available to claimant according to the circumstances.

In the enactment of these laws, the legislature unquestionably had in contemplation the usual and ordinary cases where the parties to the marriage relation domicil together and exist as a family; and the presumption of law is that after the marriage relation has been consummated, the parties thereto do live together and exist as a family. Comp. Laws 1913, § 14. This presumption cannot prevail, however, where the facts conclusively show that the marriage relation does not exist.

In this case the family and the family relationship, thus encouraged by the state, was intentionally destroyed by means of the voluntary act of the parties thereto, when they contracted to live separate and apart, during their natural lives, and as though they were single, and thereafter did live separate and apart until the death of the husband. It is clear that the section of the statute, on which petitioner bases her right to the property in question, was not intended to become operative under the admitted facts in this case. The order of the district court should be, and it hereby is, affirmed, with costs.

NUESSLE, BIRDZELL, JOHNSON, and BURKE, JJ., concur.

Mr. Chief Justice CHRISTIANSON did not participate, Honorable THOS. H. PUGH, of the Sixth Judicial District, sitting in his stead, by request.